[L. A. No. 7538. In Bank.—March 6, 1923.]

In the Matter of the Bonds of GARDEN GROVE DRAINAGE DISTRICT et al., etc. H. A. LAKE et al., Respondents, v. ALL PERSONS, etc., Defendants; M. H. SIEVER, Appellant.

[1] Drainage District—Act of 1903—Bond Election—Petition.— The board of directors of a drainage district is not authorized under the statute of 1903 (Stats. 1903, p. 291), without a petition therefor, to call a second election, after the defeat of a previous one, for the purpose of creating the original bonded indebtedness authorized by section 274 of the act for the construction of the necessary improvement for which the district was organized.

[2] Id.—Construction of Act—Petition—Character of Signers.— The petition referred to in section 27 of the act of 1903 (Stats. 1903, p. 291), is a petition signed by "fifty or a majority of the holders of title," and the phrase "a petition of the character here-

inbefore provided for," relates not to the form and subject matter of the petition mentioned in section 1 of the act, but to the character of signers thereof.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Reversed.

The facts are stated in the opinion of the court.

Clyde Bishop and M. B. Wellington for Appellant.

Head, Rutan & Scovel for Respondents.

WILBUR, C. J.—The Garden Grove Drainage District was created in pursuance of the statutes of 1903. (Stats. 1903, p. 291.) An election was called for the purpose of creating the original bonded indebtedness authorized by section 27 of the act for the construction of the necessary improvements for which the district was organized. This section provides for the issuance of such bonds, and if necessary, for a supplemental issue of bonds to complete the work, when authorized by a vote of the electors of the district. With reference to the result of the election the statute provides:

"At such election the ballots shall contain the words 'Bonds—Yes' or 'Bonds—No,' or words equivalent thereto. If a majority of the votes cast are 'Bonds—Yes,' the board of directors shall cause bonds in said amount to be issued; if a majority of the votes cast at any bond election are 'Bonds—No,' the result of such election shall be so declared and entered of record. Whenever thereafter, a petition of the character hereinbefore provided for in this section, is presented to the board, it shall so declare of record in its minutes, and shall thereupon submit such questions to said electors in the same manner and with like effect as at such previous election."

The bonds were defeated at the election, and thereafter, without any petition therefor from electors or property holders, the directors called another election at which the bonds carried. This action was brought to establish the validity of the bonds about to be issued as a result of the second election. The trial court held that the election was valid.

[1]   The sole question presented by this appeal is whether or not the board of directors of the Garden Grove Drainage District was authorized by the statute to call such second election without a petition therefor.

This involves an interpretation of the last sentence of section 27 (Stats. 1903, p. 299), above quoted. The uncertainty as to its proper construction arises from the fact that section 27 does not thereinbefore provide for any petition whatever. The appellants contend that this whole sentence should be disregarded because void for uncertainty. The respondents suggest that the word "act" was intended instead of "section" and that the petition provided for in section 1 of the act is the one referred to in the concluding sentence of section 27. That petition is one signed by fifty or a majority of the holders of title within the proposed district and addressed to the board of supervisors asking for the calling of an election for the foundation of the district, etc.

[2]   We are satisfied that the petition referred to in section 27 is a petition signed by "fifty or a majority of the holders of title," and that the phrase "a petition of the character hereinbefore provided for," relates not to the form and subject matter of the petition mentioned in section 1 of the act, but to the character of signers thereof, to wit, "fifty or a majority of the holders of title." Not only is this petition the only one mentioned in the act before the concluding sentence of section 27, and, therefore, of necessity, the one there referred to, but it is reasonable to suppose that the legislature so intended.

It is such a petition which initiates the proceedings for the establishment of the district which is to pay for the necessary improvements by the issuance of bonds. Thereafter the subject of the issuance of bonds is voted for at an election called by the directors, at which election all the electors of the district, regardless of whether or not they own land, vote upon the issuance of the bonds. (Sec. 27, *supra.*) If the proposed bond issue is defeated it is evidently intended that the majority of the holders of the land of the district susceptible of drainage or fifty of them can by petition require a second election. But the board of directors has no power to call an election for the issuance of bonds unless expressly authorized by law, and the statute

nowhere makes provision for an election authorizing a bond issue after such issue has once been defeated, except such authority as is given in the concluding sentence of section 27 and this authority on the part of the board of directors is predicated upon a petition therefor. Section 56 provides that the board of directors shall have no power to incur any debt or liability whatever, either by issuing bonds or otherwise, in excess of the express provisions of the act.

If we reject the whole of the last sentence of section 27 there is no authority for the calling of the election in question. That we have arrived at the intention of the legislature with reference to the necessity of a petition by a majority, or fifty of the holders of title, as a basis for a second election is indicated by a similar requirement in the statute concerning the refunding of bonds.

Section 33 provides for an election for refunding bonds already issued, upon a petition presented to the board of directors, signed by a majority in number of holders of title or evidences of title to real property in such district.

We think it clear that the legislature intended to authorize an election only upon petition of "fifty or a majority of the property owners," after the defeat of such a proposition. The judgment of the lower court holding the bond issue valid is erroneous.

The judgment is reversed.

Lennon, J., Seawell, J., Waste, J., Myers, J., Lawlor, J., and Kerrigan, J., concurred.